## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 1394 | DATE | 10/23/2002 |
| CASE TITLE | MICHAEL HOUSTON vs. OFFICER SALVADOR GAUD | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendant's, the City of Chicago's motion to dismiss count V is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | OCT 2 4 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT | docketing deputy initials | 13 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | OCT 2 4 2002 date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL HOUSTON, ) | |
| ) | Case No. 02 C 1394 |
| Plaintiff, ) | |
| ) | Honorable John W. Darrah |
| v. ) | |
| ) | |
| OFFICER SALVADOR GAUD # 12432, ) | |
| in his individual capacity; OFFICER ) | |
| MICHAEL COLBERT # 19947, in his ) | |
| individual capacity; OFFICER ) | |
| THOMAS SHEEHAN # 8257, in his ) | |
| individual capacity; OFFICER OTIS ) | |
| HOSLEY # 18672, in his individual ) | |
| capacity; the CITY OF CHICAGO; and ) | |
| the ILLINOIS STATE POLICE, ) | |
| ) | |
| Defendants. ) | |



DOCKETED

OCT 24 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff, Michael Houston ("Plaintiff"), filed a six-count *pro se* complaint against Defendants, Salvador Gaud ("Gaud"), Michael Colbert ("Colbert"), Thomas Sheehan ("Sheehan"), Otis Hosley ("Hosley"), the City of Chicago ("the City"), and the Illinois State Police, alleging violations of the Fourth and Fourteenth Amendments and 42 U.S.C. §§ 1983 and 1988.

The City moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Count V of the complaint. For the reasons that follow, the City's Motion to Dismiss Count V is granted.

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts*, 135 F.3d 1202,

1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998). A *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim,' . . . he must 'set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (internal citation omitted). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

## BACKGROUND

For purposes of this Motion to Dismiss, the following allegations are taken as true.

On February 27, 2000, Plaintiff was driving in his car when he noticed a police car with its lights flashing. Plaintiff pulled over and got out of his car, although the police officers asked him to remain in his car. Two Chicago police officers, Gaud and Colbert, got out of their squad car, as well. The officers had pulled Plaintiff over for running a red light.

Gaud walked past Plaintiff and began searching Plaintiff's car while Colbert asked to see Plaintiff's driver's license. Plaintiff handed Colbert his license, which was wrapped inside a bundle of money. Gaud patted Plaintiff down and found a 38 Smith & Wesson containing five live rounds. Gaud then placed Plaintiff in custody.

Gaud and Colbert transported Plaintiff to the police station, where Plaintiff was issued a traffic ticket for running a red light and was charged with unlawful use of a weapon for a Smith &

Wesson revolver, serial number AT028718. Plaintiff has never owned a Smith & Wesson revolver.

On April 25, 2000, Plaintiff appeared before the Honorable William P. O'Malley on the charge of unlawful use of a firearm in the Circuit Court of Cook County, Illinois. The public defender was appointed to represent Plaintiff. Appointed counsel filed a motion to suppress, which was denied.

The Illinois State Police sent Plaintiff a letter dated September 5, 2001, that informed him that his Firearm Owner's Identification ("F.O.I.D.") card had been revoked. On December 20, 2001, Plaintiff was arrested and charged with two counts of failing to maintain firearm records. A week earlier, Hosley and Sheehan questioned Plaintiff about weapons that Plaintiff had bought and told Plaintiff that he needed to turn in his F.O.I.D. card and the weapons.

While in custody, Plaintiff learned that a bench warrant for his arrest had issued on December 12, 2001, because he had missed a court date. The assistant Illinois State's Attorney informed Plaintiff that there would not have been a second arrest if Plaintiff had pleaded guilty to the charge of unlawful use of a weapon. Plaintiff was intimidated by this and pled guilty to the charges of unlawful use of weapon and failure to maintain firearm records on January 3, 2002.

On February 1, 2002, Plaintiff moved to withdraw his plea of guilty and to vacate judgment or reconsider sentence.

## DISCUSSION

Count V alleges claims against the City for false arrest and false imprisonment. The City argues that Count V should be dismissed as to any claim for false arrest based on Plaintiff's arrest on February 27, 2000, because any state law claim for false arrest is barred by the Tort Immunity Act, 745 Ill. Comp. Stat. 10/8-101 (2002), collateral estoppel, and the existence of probable cause

for Plaintiff's arrest. The City also argues that any § 1983 claim for false arrest based on his arrest on February 27, 2000 and December 20, 2001 are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Count V is pled "[a]gainst the city of Chicago for false arrest and false imprisonment under Illinois law." This Court has supplemental jurisdiction over the state law claims pled in Count V under 28 U.S.C. § 1367(a) (2002). "Under Illinois law, false arrest consists of a restraint or an arrest caused by another without reasonable grounds to believe that a crime is being committed." *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 621 (7th Cir. 1989).

The Tort Immunity Act provides that:

> [n]o civil action may be commenced in any court against a local entity or any of its employees for any injuries unless it is commenced within one year from the date that the injury was received or the cause of action accrued. For purposes of this Article, the term "civil action" includes any action, whether based upon the common law or statutes or Constitution of this State.

§ 10/8-101. Under the Tort Immunity Act, civil actions against governmental entities and their employees are barred if not commenced within one year from the date the cause of action accrued. Here, Plaintiff was arrested on February 27, 2000. Thus, under the Tort Immunity Act, Plaintiff was required to file an action against the governmental unit and its employees by February 27, 2001. However, Plaintiff did not file his complaint until February 26, 2002. Thus, Plaintiff's state law claims for false arrest and false imprisonment are time-barred and, therefore, dismissed.

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend. IV. Warrantless arrests in public places are permitted under the Fourth Amendment if the arresting officer has probable cause. *Sparing v. Village of Olympia Fields*, 266 F.3d 684, 688 (7th Cir. 2001) (citing *United States v. Watson*, 423 U.S. 411, 417-24 (1976)). Probable cause for an arrest exists if the officer "'reasonably believe[s], in light of the facts and circumstances within [the officer's]

-4-

knowledge at the time of the arrest, that the suspect had committed or was committing an offense.'" *United States. v. Carrillo*, 269 F.3d 761, 766 (7th Cir. 2001) (quoting *United States v. Hayes*, 236 F.3d 891, 894 (7th Cir. 2001)). Police officers may draw reasonable inferences based on their training and experiences in determining whether suspicious circumstances rise to the level of probable cause. *Carrillo*, 269 F.3d at 766 (citing *United States v. Faison*, 195 F.3d 890, 893 (7th Cir. 1999)). Whether probable cause exists "turns on the information known to the officers at the moment the arrest [was] made, not on subsequently received information." *Carrillo*, 269 F.3d at 766 (citing *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 2000)). The determination of the existence of probable cause is based on the totality of the circumstances. *Carrillo*, 269 F.3d at 766-67 (citing *United States v. Scott*, 19 F.3d 1238, 1242 (7th Cir. 1994)).

> If facts sufficient to create probable cause are undisputed, probable cause is a question of law. . . . A dispute concerning some facts relevant to determining the existence of probable cause does not preclude a finding of probable cause, so long as the finding survives after adopting the plaintiff's version of disputed facts supported by the record.

*Abrams v. Walker*, 165 F. Supp. 2d 762, 766 (N.D. Ill. 2001) (internal citations omitted). Probable cause is an absolute defense to § 1983 actions for malicious prosecution, false arrest, and false imprisonment because there has been no constitutional deprivation. *Myatt v. City of Chicago*, 816 F. Supp. 1259, 1266 (N.D. Ill. 1992) (citing *Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir. 1989)).

Under Illinois law, "the existence of probable cause to arrest [is] an absolute bar to a claim of false arrest[.]" *Lappin v. Costello*, 232 Ill. App. 3d 1033, 1042 (1992). Under Illinois law, "[t]he existence of probable cause is a question of law and only becomes a question of fact if the operative facts are in dispute. . . . Probable cause is defined as a state of facts which, if known, would lead a

person of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty." *Lappin*, 232 Ill. App. 3d at 1041-42 (citations omitted).

Plaintiff attached a copy of the arrest report for the arrest of February 27, 2000 as an exhibit to his complaint. Pursuant to Federal Rule of Civil Procedure 10(c), which provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes," the arrest report is part of the complaint. The arrest report states that Gaud and Colbert stopped Plaintiff for running a red light, a traffic violation; Plaintiff left his vehicle contrary to the officers' instructions; Officer Gaud then performed a protective search of Plaintiff in which he detected a firearm on Plaintiff's person. Thus, the complaint alleges facts which prove that the officers had probable cause to arrest Plaintiff for unlawful use of a weapon on February 27, 2000. Therefore, Plaintiff's § 1983 and state law claims for false arrest and false imprisonment based on his arrest on February 27, 2000 must also be dismissed for this reason.

Finally, Plaintiff's claims for monetary damages based on his § 1983 claims for false arrest and false imprisonment based on his February 27, 2000 and December 20, 2001 arrests are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Judgment in Plaintiff's favor in that regard would necessarily imply the invalidity of his conviction and sentence; and, therefore, Plaintiff's complaint must be dismissed unless he can show that his conviction has already been invalidated. *Heck*, 512 U.S. at 487. Plaintiff does not allege that his conviction has ever been vacated or otherwise invalidated, just that he moved to withdraw his guilty plea. Therefore, dismissal of Count V on this ground is also appropriate on this basis.

## CONCLUSION

For the reasons stated herein, Defendant's, the City of Chicago's, Motion to Dismiss Count V is granted.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: October 23, 2002